# Exhibit 8
# Part 1

**PETER WELLS**

**EXHIBIT 3107**

05 - 27 - 2021

**Print Requests, Duplicating**

| | |
|---|---|
| **From:** | Wells, Peter |
| **Sent:** | Monday, January 14, 2013 1:19 PM |
| **To:** | 'Adam Larosa' |
| **Cc:** | Ben-Jacob, Michael; Matthew Stein; Jérôme LHOTE; John H. van Merkensteijn, III; Richard Markowitz |
| **Subject:** | RE: Raubritter LLC Pension Plan |
| **Attachments:** | Xiphias - Power of Attorney.DOCX; Michelle Investments - Power of Attorney.DOCX; Lion Advisory - Power of Attorney.DOCX; California Catalog - Power of Attorney.DOCX; Raubritter - Power of Attorney.DOCX; Rajan - Power of Attorney.DOCX; Delvian - Power of Attorney.DOCX |

Adam,

Attached are the New York powers of attorney for the various pension plans as follows:

1. Xiphias LLC Pension Plan (Richard signing as Trustee)
2. Michelle Investments Pension Plan (Matt signing as Trustee)
3. Lion Advisory Inc. Pension Plan (Luke McGee signing as Trustee)
4. California Catalog Company Pension Plan (Daniel Stein signing as Trustee)
5. Delvian LLC Pension Plan (Alicia signing as Trustee)
6. Raubritter LLC Pension Plan (Alexander Chatfield Burns signing as Trustee)
7. Rajan Investments LLC Pension Plan (Thomas Bergerson signing as Trustee)

Each document names you as the agent to act at the direction of the principal to execute trade orders and to complete, execute and file tax reclaims and the TIC Forms on behalf of the pension plan. The principal noted above needs to initial the letters "C", "D" and "N" on page 2 and 3 and sign above their name on page 4. Note, that the signature must be notarized. You then need to sign above your name on page 6, which also needs to be notarized.

Let me know if you have any questions.



Regards,
Peter

\*\*\*

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Peter Wells
KAYE SCHOLER LLP
425 Park Avenue | New York, New York 10022
T: +1 212.836.8662 | F: +1 212.836.6447
peter.wells@kayescholer.com | www.kayescholer.com



PLAINTIFF'S TRIAL
EXHIBIT
**PX-1267**
Case No.18-MD-2865(LAK)

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER                    WH_MDL_00217725

**Print Requests, Duplicating**

| | |
|---|---|
| **From:** | Wells, Peter |
| **Sent:** | Monday, January 14, 2013 1:19 PM |
| **To:** | 'Adam Larosa' |
| **Cc:** | Ben-Jacob, Michael; Matthew Stein; Jérôme  LHOTE; John H. van Merkensteijn, III; Richard Markowitz |
| **Subject:** | RE: Raubritter LLC Pension Plan |
| **Attachments:** | Xiphias - Power of Attorney.DOCX; Michelle Investments - Power of Attorney.DOCX; Lion Advisory - Power of Attorney.DOCX; California Catalog - Power of Attorney.DOCX; Raubritter - Power of Attorney.DOCX; Rajan - Power of Attorney.DOCX; Delvian - Power of Attorney.DOCX |

Adam,

Attached are the New York powers of attorney for the various pension plans as follows:

1. Xiphias LLC Pension Plan (Richard signing as Trustee)
2. Michelle Investments Pension Plan (Matt signing as Trustee)
3. Lion Advisory Inc. Pension Plan (Luke McGee signing as Trustee)
4. California Catalog Company Pension Plan (Daniel Stein signing as Trustee)
5. Delvian LLC Pension Plan (Alicia signing as Trustee)
6. Raubritter LLC Pension Plan (Alexander Chatfield Burns signing as Trustee)
7. Rajan Investments LLC Pension Plan (Thomas Bergerson signing as Trustee)

Each document names you as the agent to act at the direction of the principal to execute trade orders and to complete, execute and file tax reclaims and the TIC Forms on behalf of the pension plan. The principal noted above needs to initial the letters "C", "D" and "N" on page 2 and 3 and sign above their name on page 4. Note, that the signature must be notarized. You then need to sign above your name on page 6, which also needs to be notarized.

Let me know if you have any questions.

Regards,
Peter


***

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Peter Wells
**KAYE SCHOLER LLP**
425 Park Avenue | New York, New York 10022
T: +1 212.836.8662 | F: +1 212.836.6447
peter.wells@kayescholer.com | www.kayescholer.com

1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER    **WH_MDL_00217726**

This message may contain confidential and/or legally privileged information from the law firm Kaye Scholer LLP. If delivered to anyone other than the intended recipient, please notify the sender immediately by return email or by telephone (+1 212.836.8662) and delete the message, along with any attachments, from your computer. Thank you.

**From:** Adam Larosa [mailto:alarosa@argremgt.com]
**Sent:** Friday, January 11, 2013 3:25 PM
**To:** Wells, Peter
**Cc:** Ben-Jacob, Michael; Matthew Stein; Jérôme LHOTE; John H. van Merkensteijn, III; Richard Markowitz
**Subject:** RE: Raubritter LLC Pension Plan

Peter – thank you very much.

Look forward to seeing the POAs

Adam La Rosa
Director
Argre Management LLC
40 West 57th Street
New York, New York 10019
Tel: 212-247-2600
Mobile: 732-272-4445
Fax: 212-247-2753
e-mail: alarosa@argremgt.com

**From:** Wells, Peter [mailto:Peter.Wells@kayescholer.com]
**Sent:** Friday, January 11, 2013 3:04 PM
**To:** Adam Larosa
**Cc:** Ben-Jacob, Michael
**Subject:** RE: Raubritter LLC Pension Plan

Adam,

Following up on our call from yesterday. We agree that it is probably a good idea to employ
the separate email approach as it relates to the instructions that you issue on behalf of the
various pension plans.  This of course assumes that this strategy is administratively
manageable on your end so as to be implemented and consistently employed. Furthermore, we
also confirm that the emails should be in the name of the particular partnership, as opposed
to the pension plan itself, though in most cases I imagine the email address might be able to
be made sufficiently opaque so to make this point moot (e.g., adam@millriver.com – or however
you decide to do it).

In addition, we also agree that it makes sense for there to be powers of attorney in place
for all of the pension plans (except for Mill River). As we suggested the powers of attorney
should be in the standard New York form and should be limited to ministerial actions in
connection with executing trade orders and signing reclaim forms and related matters - all in
accordance with the directions of the principal. We will draft the powers of attorney for the
plans and circulate for signature.

Let me know if you have any questions.

Regards,
Peter


\*\*\*

RS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any

2

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00217727

U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Peter Wells
KAYE SCHOLER LLP
425 Park Avenue | New York, New York 10022
T: +1 212.836.8662 | F: +1 212.836.6447
peter.wells@kayescholer.com | www.kayescholer.com

This message may contain confidential and/or legally privileged information from the law firm Kaye Scholer LLP. If delivered to anyone other than the intended recipient, please notify the sender immediately by return email or by telephone (+1 212.836.8662) and delete the message, along with any attachments, from your computer. Thank you.

**From:** Adam Larosa [mailto:alarosa@argremgt.com]
**Sent:** Thursday, January 10, 2013 10:56 AM
**To:** Wells, Peter; Ben-Jacob, Michael
**Cc:** Matthew Stein; Richard Markowitz
**Subject:** FW: Raubritter LLC Pension Plan

Michel/Peter,

Now that we have the partnerships in place do we need POAs in place for me from the Pension Plan to sign documents such as these?

Please let me know asap as we just received the 6166s for these and would like to start the reclaim process.

Best,

Adam La Rosa
Director
Argre Management LLC
40 West 57th Street
New York, New York 10019
Tel: 212-247-2600
Mobile: 732-272-4445
Fax: 212-247-2753
e-mail: alarosa@argremgt.com

**From:** Stef Lambersy [mailto:slambersy@acupay.com]
**Sent:** Tuesday, December 11, 2012 7:12 AM
**To:** Adam Larosa
**Cc:** Miriam Haniffa
**Subject:** Raubritter LLC Pension Plan

Dear Adam,

Please find attached all documents we would need to set up the reclaim process.

1. A reclaim agreement between Raubritter and Acupay – identical to the one we are currently using for the other plans
2. A Power of Attorney between Raubritter and Acupay
3. A Beneficial Owner Declaration from Raubritter

Could you please arrange for signature of all documents and send the originals back to my attention (address below).

3

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER                    WH_MDL_00217728

Thanks,

Stef

Stef Lambersy | Business Development Associate | Market Development



🎧  +44 207 382 0340 (dir-0348)
✉  slambersy@acupay.com
🌐  www.acupay.com
🏛  28 Throgmorton Street, EC2N 2AN, London

♻  *Please consider the environment before printing*

This message and any attachments may be privileged, confidential or proprietary and is intended only for the recipient(s) listed above. If you have received this transmission in error, please return this email to the sender immediately and delete this message from your computer. Access, copying or re-use of this message or any attachment or information contained herein by anyone other than the intended recipient(s) is not authorized. E-mail communication cannot be guaranteed to be secure; please refrain from communicating sensitive or private information unless the proper security precautions are taken.

4

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00217729

## POWER OF ATTORNEY
## NEW YORK STATUTORY SHORT FORM

**(a)**    **CAUTION TO THE PRINCIPAL: Your Power of Attorney is an important document. As the "principal," you give the person whom you choose (your "agent") authority to spend your money and sell or dispose of your property during your lifetime without telling you. You do not lose your authority to act even though you have given your agent similar authority.**

When your agent exercises this authority, he or she must act according to any instructions you have provided or, where there are no specific instructions, in your best interest. "Important Information for the Agent" at the end of this document describes your agent's responsibilities.

Your agent can act on your behalf only after signing the Power of Attorney before a notary public.

You can request information from your agent at any time. If you are revoking a prior Power of Attorney, you should provide written notice of the revocation to your prior agent(s) and to any third parties who may have acted upon it, including the financial institutions where your accounts are located.

You can revoke or terminate your Power of Attorney at any time for any reason as long as you are of sound mind. If you are no longer of sound mind, a court can remove an agent for acting improperly.

Your agent cannot make health care decisions for you. You may execute a "Health Care Proxy" to do this.

The law governing Powers of Attorney is contained in the New York General Obligations Law, Article 5, Title 15. This law is available at a law library, or online through the New York State Senate or Assembly websites, www.senate.state.ny.us or www.assembly.state.ny.us.

If there is anything about this document that you do not understand, you should ask a lawyer of your own choosing to explain it to you.

**(b)**    **DESIGNATION OF AGENT(S):**

**I, Richard Markowitz, as Trustee of Xiphias LLC Pension Plan**

*(name of principal)*

40 W 57th St, New York, NY 10019

*(address of principal)*

hereby appoint:

**Adam LaRosa**

*(name of agent)*

**c/o Argre Management LLC, 40 W 57th St, New York, NY 10019**

*(address of agent)*

_____

*(name of second agent)*

_____

*(address of second agent)*

as my agent(s).

If you designate more than one agent above, they must act together unless you initial the statement below.

(_____) My agents may act SEPARATELY.

Page 1 of 6

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER                    WH_MDL_00217730

**(c)     DESIGNATION OF SUCCESSOR AGENT(S):** (OPTIONAL)
        If any agent designated above is unable or unwilling to serve, I appoint as my successor agent(s):

_(name of successor agent)_                    _(address of successor agent)_

_____              _____
_(name of second successor agent),_           _(address of second successor agent)_

Successor agents designated above must act together unless you initial the statement below.

(____) My successor agents may act SEPARATELY.

You may provide for specific succession rules in this section.  Insert specific succession provisions here:

**(d)     This POWER OF ATTORNEY shall not be affected by my subsequent incapacity unless I have stated otherwise below, under "Modifications".**

**(e)     This POWER OF ATTORNEY DOES NOT REVOKE any Powers of Attorney previously executed by me unless I have stated otherwise below, under "Modifications".**

        If you do NOT intend to revoke your prior Powers of Attorney, and if you have granted the same authority in this Power of Attorney as you granted to another agent in a prior Power of Attorney, each agent can act separately unless you indicate under "Modifications" that the agents with the same authority are to act together.

**(f)     GRANT OF AUTHORITY:**
        To grant your agent some or all of the authority below, either
                (1)     Initial the bracket at each authority you grant, or
                (2)     Write or type the letters for each authority you grant on the blank line at (P), and
                        initial the bracket at (P).  If you initial (P), you do not need to initial the other lines.

        I grant authority to my agent(s) with respect to the following subjects as defined in sections 5-1502A through 5-1502N of the New York General Obligations Law:

(____)  (A) real estate transactions;

(____)  (B) chattel and goods transactions;

(____)  (C) bond, share, and commodity transactions;

(____)  (D) banking transactions;

(____)  (E) business operating transactions;

(____)  (F) insurance transactions;

(____)  (G) estate transactions;

(____)  (H) claims and litigation;

(____)  (I) personal and family maintenance: If you grant your agent this authority, it will allow the agent to make gifts that you customarily have made to individuals, including the agent, and charitable organizations. The total amount of all such gifts in any one calendar year cannot exceed five hundred dollars;

(____)  (J) benefits from governmental programs or civil or military service;

Page 2 of 6

(_____) (K) health care billing and payment matters; records, reports, and statements;

(_____) (L) retirement benefit transactions;

(_____) (M) tax matters;

(_____) (N) all other matters;

(_____) (O) full and unqualified authority to my agent(s) to delegate any or all of the foregoing powers to any person or persons whom my agent(s) select;

(_____) (P) EACH of the matters identified by the following letters:

  You need not initial the other lines if you initial line (P).

**(g)    MODIFICATIONS:** (OPTIONAL)

  In this section, you may make additional provisions, including language to limit or supplement authority granted to your agent. However, you cannot use this Modifications section to grant your agent authority to make gifts or changes to interests in your property. If you wish to grant your agent such authority, you MUST complete the Statutory Gifts Rider.

  **THE FOREGOING POWER IS HEREBY LIMITED TO THE FOLLOWING ACTIONS AS SHALL BE DIRECTED BY THE PRINCIPAL:** (i) placing orders for the purchase or sale of securities and/or forward sales contracts in accounts in the name of the Principal, (ii) completing, executing and filing related tax reclaim forms on behalf of the Principal, and (iii) completing, executing and filing Treasury International Capital forms on behalf of the Principal, including TIC Form S and TIC Form SLT.

  **THIS POWER OF ATTORNEY REVOKES ANY POWERS OF ATTORNEY PREVIOUSLY EXECUTED BY ME.**

**(h)    CERTAIN GIFT TRANSACTIONS: STATUTORY GIFTS RIDER** (OPTIONAL)

  In order to authorize your agent to make gifts in excess of an annual total of $500 for all gifts described in (I) of the grant of authority section of this document (under personal and family maintenance), you must initial the statement below and execute a Statutory Gifts Rider at the same time as this instrument. Initialing the statement below by itself does not authorize your agent to make gifts. The preparation of the Statutory Gifts Rider should be supervised by a lawyer.

(_____) (SGR) I grant my agent authority to make gifts in accordance with the terms and conditions of the Statutory Gifts Rider that supplements this Statutory Power of Attorney.

**(i)    DESIGNATION OF MONITOR(S):** (OPTIONAL)

  If you wish to appoint monitor(s), initial and fill in the section below:

(_____) I wish to designate _____, whose address(es) is (are) _____, as monitor(s). Upon the request of the monitor(s), my agent(s) must provide the monitor(s) with a copy of the power of attorney and a record of all transactions done or made on my behalf. Third parties holding records of such transactions shall provide the records to the monitor(s) upon request.

**(j)    COMPENSATION OF AGENT(S):** (OPTIONAL)

  Your agent is entitled to be reimbursed from your assets for reasonable expenses incurred on your behalf. If you ALSO wish your agent(s) to be compensated from your assets for services rendered on your behalf, initial the statement below. If you wish to define "reasonable compensation", you may do so above, under "Modifications".

Page 3 of 6

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

(____) My agent(s) shall be entitled to reasonable compensation for services rendered.

**(k)    ACCEPTANCE BY THIRD PARTIES:**

I agree to indemnify the third party for any claims that may arise against the third party because of reliance on this Power of Attorney. I understand that any termination of this Power of Attorney, whether the result of my revocation of the Power of Attorney or otherwise, is not effective as to a third party until the third party has actual notice or knowledge of the termination.

**(l)    TERMINATION:**

This Power of Attorney continues until I revoke it or it is terminated by my death or other event described in section 5-1511 of the General Obligations Law.

Section 5-1511 of the General Obligations Law describes the manner in which you may revoke your Power of Attorney, and the events which terminate the Power of Attorney.

**(m)    SIGNATURE AND ACKNOWLEDGMENT:**

In Witness Whereof I have hereunto signed my name on the ___ day of _____, _____

PRINCIPAL signs here: ====>    XIPHIAS LLC PENSION PLAN

By:_____
RICHARD MARKOWITZ, TRUSTEE

STATE OF                    )
                           )    ss:
COUNTY OF                   )

On the ___ day of _____, _____, before me, the undersigned, personally appeared Richard Markowitz, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

**(n)    IMPORTANT INFORMATION FOR THE AGENT:**

When you accept the authority granted under this Power of Attorney, a special legal relationship is created between you and the principal. This relationship imposes on you legal responsibilities that continue until you resign or the Power of Attorney is terminated or revoked. You must:
(1) act according to any instructions from the principal, or, where there are no instructions, in the principal's best interest;
(2) avoid conflicts that would impair your ability to act in the principal's best interest;
(3) keep the principal's property separate and distinct from any assets you own or control, unless otherwise permitted by law;
(4) keep a record or all receipts, payments, and transactions conducted for the principal; and
(5) disclose your identity as an agent whenever you act for the principal by writing or printing the principal's name and signing your own name as "agent" in either of the following manners:

Page 4 of 6

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

(Principal's Name) by (Your Signature) as Agent, or (your signature) as Agent for (Principal's Name).

You may not use the principal's assets to benefit yourself or anyone else or make gifts to yourself or anyone else unless the principal has specifically granted you that authority in this document, which is either a Statutory Gifts Rider attached to a Statutory Short Form Power of Attorney or a Non-Statutory Power of Attorney. If you have that authority, you must act according to any instructions of the principal or, where there are no such instructions, in the principal's best interest. You may resign by giving written notice to the principal and to any co-agent, successor agent, monitor if one has been named in this document, or the principal's guardian if one has been appointed. If there is anything about this document or your responsibilities that you do not understand, you should seek legal advice.

Liability of agent: The meaning of the authority given to you is defined in New York's General Obligations Law, Article 5, Title 15. If it is found that you have violated the law or acted outside the authority granted to you in the Power of Attorney, you may be liable under the law for your violation.

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00217734

**(o)    AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:**

It is not required that the principal and the agent(s) sign at the same time, nor that multiple agents sign at the same time.

I, Adam LaRosa , have read the foregoing Power of Attorney. I am the person identified therein as agent(s) for the principal named therein.

I acknowledge my legal responsibilities.

Agent(s) sign(s) here:      ==>      _____
                                                  Adam LaRosa

                                      ==>      _____

STATE OF                  )
                                    )     ss:
COUNTY OF              )

On the _____ day of _____, _____, before me, the undersigned, personally appeared Adam LaRosa, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                                  _____
                                                  Notary Public

**(p) SUCCESSOR AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:**

It is not required that the principal and the SUCCESSOR agent(s), if any, sign at the same time, nor that multiple SUCCESSOR agents sign at the same time. Furthermore, successor agents can not use this power of attorney unless the agent(s) designated above is/are unable or unwilling to serve.

I/we, _____, have read the foregoing Power of Attorney. I am/we are the person(s) identified therein as SUCCESSOR agent(s) for the principal named therein.

Successor Agent(s) sign(s) here:    ==>  _____

                                      ==>  _____

STATE OF _____  )
                                          )   ss:
COUNTY OF _____  )

On the _____ day of _____, _____, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                                  _____
                                                  Notary Public

Page 6 of 6

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER                          WH_MDL_00217735

## POWER OF ATTORNEY
## NEW YORK STATUTORY SHORT FORM

(a)    **CAUTION TO THE PRINCIPAL: Your Power of Attorney is an important document. As the "principal," you give the person whom you choose (your "agent") authority to spend your money and sell or dispose of your property during your lifetime without telling you. You do not lose your authority to act even though you have given your agent similar authority.**

When your agent exercises this authority, he or she must act according to any instructions you have provided or, where there are no specific instructions, in your best interest. "Important Information for the Agent" at the end of this document describes your agent's responsibilities.

Your agent can act on your behalf only after signing the Power of Attorney before a notary public.

You can request information from your agent at any time. If you are revoking a prior Power of Attorney, you should provide written notice of the revocation to your prior agent(s) and to any third parties who may have acted upon it, including the financial institutions where your accounts are located.

You can revoke or terminate your Power of Attorney at any time for any reason as long as you are of sound mind. If you are no longer of sound mind, a court can remove an agent for acting improperly.

Your agent cannot make health care decisions for you. You may execute a "Health Care Proxy" to do this.

The law governing Powers of Attorney is contained in the New York General Obligations Law, Article 5, Title 15. This law is available at a law library, or online through the New York State Senate or Assembly websites, www.senate.state.ny.us or www.assembly.state.ny.us.

If there is anything about this document that you do not understand, you should ask a lawyer of your own choosing to explain it to you.

(b)    **DESIGNATION OF AGENT(S):**

I, Matthew R. Stein, as Trustee of
Michelle Investments Pension Plan        40 W 57th St, New York, NY 10019
   *(name of principal)*                     *(address of principal)*

hereby appoint:

    **Adam LaRosa**                       c/o Argre Management LLC, 40 W 57th St, New
    *(name of agent)*                      York, NY 10019
                                           *(address of agent)*

_____          _____
   *(name of second agent)*                 *(address of second agent)*

as my agent(s).

If you designate more than one agent above, they must act together unless you initial the statement below.

(_____) My agents may act SEPARATELY.

Page 1 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER                      WH_MDL_00217736

**(c)**    **DESIGNATION OF SUCCESSOR AGENT(S):** (OPTIONAL)
If any agent designated above is unable or unwilling to serve, I appoint as my successor agent(s):

*(name of successor agent)*                     *(address of successor agent)*

_____    _____
*(name of second successor agent),*          *(address of second successor agent)*

Successor agents designated above must act together unless you initial the statement below.

(_____) My successor agents may act SEPARATELY.

You may provide for specific succession rules in this section. Insert specific succession provisions here:

**(d)**    **This POWER OF ATTORNEY shall not be affected by my subsequent incapacity unless I have stated otherwise below, under "Modifications".**

**(e)**    **This POWER OF ATTORNEY DOES NOT REVOKE any Powers of Attorney previously executed by me unless I have stated otherwise below, under "Modifications".**

If you do NOT intend to revoke your prior Powers of Attorney, and if you have granted the same authority in this Power of Attorney as you granted to another agent in a prior Power of Attorney, each agent can act separately unless you indicate under "Modifications" that the agents with the same authority are to act together.

**(f)**    **GRANT OF AUTHORITY:**
To grant your agent some or all of the authority below, either
    (1)    Initial the bracket at each authority you grant, or
    (2)    Write or type the letters for each authority you grant on the blank line at (P), and initial the bracket at (P). If you initial (P), you do not need to initial the other lines.

I grant authority to my agent(s) with respect to the following subjects as defined in sections 5-1502A through 5-1502N of the New York General Obligations Law:

(_____)  (A) real estate transactions;

(_____)  (B) chattel and goods transactions;

(_____)  (C) bond, share, and commodity transactions;

(_____)  (D) banking transactions;

(_____)  (E) business operating transactions;

(_____)  (F) insurance transactions;

(_____)  (G) estate transactions;

(_____)  (H) claims and litigation;

(_____)  (I) personal and family maintenance: If you grant your agent this authority, it will allow the agent to make gifts that you customarily have made to individuals, including the agent, and charitable organizations. The total amount of all such gifts in any one calendar year cannot exceed five hundred dollars;

(_____)  (J) benefits from governmental programs or civil or military service;

Page 2 of 1

WH_MDL_00217737

(\_\_\_\_)  (K) health care billing and payment matters; records, reports, and statements;

(\_\_\_\_)  (L) retirement benefit transactions;

(\_\_\_\_)  (M) tax matters;

(\_\_\_\_)  (N) all other matters;

(\_\_\_\_)  (O) full and unqualified authority to my agent(s) to delegate any or all of the foregoing powers to any person or persons whom my agent(s) select;

(\_\_\_\_)  (P) EACH of the matters identified by the following letters: _____

You need not initial the other lines if you initial line (P).

**(g)    MODIFICATIONS:** (OPTIONAL)

In this section, you may make additional provisions, including language to limit or supplement authority granted to your agent. However, you cannot use this Modifications section to grant your agent authority to make gifts or changes to interests in your property. If you wish to grant your agent such authority, you MUST complete the Statutory Gifts Rider.

**THE FOREGOING POWER IS HEREBY LIMITED TO THE FOLLOWING ACTIONS AS SHALL BE DIRECTED BY THE PRINCIPAL:** (i) placing orders for the purchase or sale of securities and/or forward sales contracts in accounts in the name of the Principal, (ii) completing, executing and filing related tax reclaim forms on behalf of the Principal, and (iii) completing, executing and filing Treasury International Capital forms on behalf of the Principal, including TIC Form S and TIC Form SLT.

**THIS POWER OF ATTORNEY REVOKES ANY POWERS OF ATTORNEY PREVIOUSLY EXECUTED BY ME.**

**(h)    CERTAIN GIFT TRANSACTIONS: STATUTORY GIFTS RIDER** (OPTIONAL)

In order to authorize your agent to make gifts in excess of an annual total of $500 for all gifts described in (I) of the grant of authority section of this document (under personal and family maintenance), you must initial the statement below and execute a Statutory Gifts Rider at the same time as this instrument. Initialing the statement below by itself does not authorize your agent to make gifts. The preparation of the Statutory Gifts Rider should be supervised by a lawyer.

(\_\_\_\_)  (SGR) I grant my agent authority to make gifts in accordance with the terms and conditions of the Statutory Gifts Rider that supplements this Statutory Power of Attorney.

**(i)    DESIGNATION OF MONITOR(S):** (OPTIONAL)

If you wish to appoint monitor(s), initial and fill in the section below:

(\_\_\_\_) I wish to designate _____, whose address(es) is (are) _____, as monitor(s). Upon the request of the monitor(s), my agent(s) must provide the monitor(s) with a copy of the power of attorney and a record of all transactions done or made on my behalf. Third parties holding records of such transactions shall provide the records to the monitor(s) upon request.

**(j)    COMPENSATION OF AGENT(S):** (OPTIONAL)

Your agent is entitled to be reimbursed from your assets for reasonable expenses incurred on your behalf. If you ALSO wish your agent(s) to be compensated from your assets for services rendered on your behalf, initial the statement below. If you wish to define "reasonable compensation", you may do so above, under "Modifications".

Page 3 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

(____) My agent(s) shall be entitled to reasonable compensation for services rendered.

**(k)    ACCEPTANCE BY THIRD PARTIES:**

I agree to indemnify the third party for any claims that may arise against the third party because of reliance on this Power of Attorney.  I understand that any termination of this Power of Attorney, whether the result of my revocation of the Power of Attorney or otherwise, is not effective as to a third party until the third party has actual notice or knowledge of the termination.

**(l)    TERMINATION:**

This Power of Attorney continues until I revoke it or it is terminated by my death or other event described in section 5-1511 of the General Obligations Law.
Section 5-1511 of the General Obligations Law describes the manner in which you may revoke your Power of Attorney, and the events which terminate the Power of Attorney.

**(m)    SIGNATURE AND ACKNOWLEDGMENT:**

In Witness Whereof I have hereunto signed my name on the ___ day of _____, _____

PRINCIPAL signs here: ====>    MICHELLE INVESTMENTS PENSION PLAN

By:_____
      MATTHEW R. STEIN, TRUSTEE


STATE OF                    )
                                    )    ss:
COUNTY OF                )

On the ___ day of _____, _____, before me, the undersigned, personally appeared Matthew R. Stein, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                    _____
                                    Notary Public

**(n)    IMPORTANT INFORMATION FOR THE AGENT:**

When you accept the authority granted under this Power of Attorney, a special legal relationship is created between you and the principal.  This relationship imposes on you legal responsibilities that continue until you resign or the Power of Attorney is terminated or revoked.  You must:
  (1) act according to any instructions from the principal, or, where there are no instructions, in the
        principal's best interest;
  (2) avoid conflicts that would impair your ability to act in the principal's best interest;
  (3) keep the principal's property separate and distinct from any assets you own or control, unless
        otherwise permitted by law;
  (4) keep a record or all receipts, payments, and transactions conducted for the principal; and
  (5) disclose your identity as an agent whenever you act for the principal by writing or printing the
        principal's name and signing your own name as "agent" in either of the following manners:

Page 4 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER                    WH_MDL_00217739

(Principal's Name) by (Your Signature) as Agent, or (your signature) as Agent for (Principal's Name).

You may not use the principal's assets to benefit yourself or anyone else or make gifts to yourself or anyone else unless the principal has specifically granted you that authority in this document, which is either a Statutory Gifts Rider attached to a Statutory Short Form Power of Attorney or a Non-Statutory Power of Attorney. If you have that authority, you must act according to any instructions of the principal or, where there are no such instructions, in the principal's best interest. You may resign by giving written notice to the principal and to any co-agent, successor agent, monitor if one has been named in this document, or the principal's guardian if one has been appointed. If there is anything about this document or your responsibilities that you do not understand, you should seek legal advice.

Liability of agent: The meaning of the authority given to you is defined in New York's General Obligations Law, Article 5, Title 15. If it is found that you have violated the law or acted outside the authority granted to you in the Power of Attorney, you may be liable under the law for your violation.

Page 5 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

**(o)    AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:**

It is not required that the principal and the agent(s) sign at the same time, nor that multiple agents sign at the same time.

I, Adam LaRosa , have read the foregoing Power of Attorney.  I am the person identified therein as agent(s) for the principal named therein.

I acknowledge my legal responsibilities.

Agent(s) sign(s) here:        ==>    _____

Adam LaRosa

==>    _____

STATE OF                    )
                                          )    ss:
COUNTY OF                )

On the _____ day of _____, _____, before me, the undersigned, personally appeared Adam LaRosa, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

**(p) SUCCESSOR AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:**

It is not required that the principal and the SUCCESSOR agent(s), if any, sign at the same time, nor that multiple SUCCESSOR agents sign at the same time.  Furthermore, successor agents can not use this power of attorney unless the agent(s) designated above is/are unable or unwilling to serve.

I/we, _____, have read the foregoing Power of Attorney.  I am/we are the person(s) identified therein as SUCCESSOR agent(s) for the principal named therein.

Successor Agent(s) sign(s) here:    ==>    _____

==>    _____

STATE OF _____    )
                                               )    ss:
COUNTY OF _____    )

On the _____ day of _____, _____, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

Page 6 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00217741

## POWER OF ATTORNEY
## NEW YORK STATUTORY SHORT FORM

(a)    **CAUTION TO THE PRINCIPAL: Your Power of Attorney is an important document. As the "principal," you give the person whom you choose (your "agent") authority to spend your money and sell or dispose of your property during your lifetime without telling you. You do not lose your authority to act even though you have given your agent similar authority.**

When your agent exercises this authority, he or she must act according to any instructions you have provided or, where there are no specific instructions, in your best interest. "Important Information for the Agent" at the end of this document describes your agent's responsibilities.

Your agent can act on your behalf only after signing the Power of Attorney before a notary public.

You can request information from your agent at any time. If you are revoking a prior Power of Attorney, you should provide written notice of the revocation to your prior agent(s) and to any third parties who may have acted upon it, including the financial institutions where your accounts are located.

You can revoke or terminate your Power of Attorney at any time for any reason as long as you are of sound mind. If you are no longer of sound mind, a court can remove an agent for acting improperly.

Your agent cannot make health care decisions for you. You may execute a "Health Care Proxy" to do this.

The law governing Powers of Attorney is contained in the New York General Obligations Law, Article 5, Title 15. This law is available at a law library, or online through the New York State Senate or Assembly websites, www.senate.state.ny.us or www.assembly.state.ny.us.

If there is anything about this document that you do not understand, you should ask a lawyer of your own choosing to explain it to you.

(b)    **DESIGNATION OF AGENT(S):**

**I, Luke McGee, as Trustee of Lion Advisory Inc. Pension Plan**
*(name of principal)*

**40 W 57th St, New York, NY 10019**
*(address of principal)*

hereby appoint:

**Adam LaRosa**
*(name of agent)*

**c/o Argre Management LLC, 40 W 57th St, New York, NY 10019**
*(address of agent)*

_____
*(name of second agent)*

_____
*(address of second agent)*

as my agent(s).

If you designate more than one agent above, they must act together unless you initial the statement below.

(_____) My agents may act SEPARATELY.

Page 1 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

**(c)**   **DESIGNATION OF SUCCESSOR AGENT(S):** (OPTIONAL)
　　　　If any agent designated above is unable or unwilling to serve, I appoint as my successor agent(s):

　　　(*name of successor agent*)　　　　　　　　　　(*address of successor agent*)

　　　_____　　　_____
　　　(*name of second successor agent*),　　　(*address of second successor agent*)

Successor agents designated above must act together unless you initial the statement below.

(____) My successor agents may act SEPARATELY.

You may provide for specific succession rules in this section.  Insert specific succession provisions here:

**(d)**　　**This POWER OF ATTORNEY shall not be affected by my subsequent incapacity unless I have stated otherwise below, under "Modifications".**

**(e)**　　**This POWER OF ATTORNEY DOES NOT REVOKE any Powers of Attorney previously executed by me unless I have stated otherwise below, under "Modifications".**

　　　If you do NOT intend to revoke your prior Powers of Attorney, and if you have granted the same authority in this Power of Attorney as you granted to another agent in a prior Power of Attorney, each agent can act separately unless you indicate under "Modifications" that the agents with the same authority are to act together.

**(f)**　　**GRANT OF AUTHORITY:**
　　　　To grant your agent some or all of the authority below, either
　　　　　　(1)　Initial the bracket at each authority you grant, or
　　　　　　(2)　Write or type the letters for each authority you grant on the blank line at (P), and
　　　　　　　　　initial the bracket at (P).  If you initial (P), you do not need to initial the other lines.

　　　I grant authority to my agent(s) with respect to the following subjects as defined in sections 5-1502A through 5-1502N of the New York General Obligations Law:

(____)  (A) real estate transactions;

(____)  (B) chattel and goods transactions;

(____)  (C) bond, share, and commodity transactions;

(____)  (D) banking transactions;

(____)  (E) business operating transactions;

(____)  (F) insurance transactions;

(____)  (G) estate transactions;

(____)  (H) claims and litigation;

(____)  (I) personal and family maintenance: If you grant your agent this authority, it will allow the agent to make gifts that you customarily have made to individuals, including the agent, and charitable organizations. The total amount of all such gifts in any one calendar year cannot exceed five hundred dollars;

(____)  (J) benefits from governmental programs or civil or military service;

Page 2 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER　　　　　　　　　　　　　**WH_MDL_00217743**

(\_\_\_\_)  (K) health care billing and payment matters; records, reports, and statements;

(\_\_\_\_)  (L) retirement benefit transactions;

(\_\_\_\_)  (M) tax matters;

(\_\_\_\_)  (N) all other matters;

(\_\_\_\_)  (O) full and unqualified authority to my agent(s) to delegate any or all of the foregoing powers to any person or persons whom my agent(s) select;

(\_\_\_\_)  (P) EACH of the matters identified by the following letters:

You need not initial the other lines if you initial line (P).

**(g)    MODIFICATIONS:** (OPTIONAL)

In this section, you may make additional provisions, including language to limit or supplement authority granted to your agent. However, you cannot use this Modifications section to grant your agent authority to make gifts or changes to interests in your property. If you wish to grant your agent such authority, you MUST complete the Statutory Gifts Rider.

**THE FOREGOING POWER IS HEREBY LIMITED TO THE FOLLOWING ACTIONS AS SHALL BE DIRECTED BY THE PRINCIPAL:** (i) placing orders for the purchase or sale of securities and/or forward sales contracts in accounts in the name of the Principal, (ii) completing, executing and filing related tax reclaim forms on behalf of the Principal, and (iii) completing, executing and filing Treasury International Capital forms on behalf of the Principal, including TIC Form S and TIC Form SLT.

**THIS POWER OF ATTORNEY REVOKES ANY POWERS OF ATTORNEY PREVIOUSLY EXECUTED BY ME.**

**(h)    CERTAIN GIFT TRANSACTIONS: STATUTORY GIFTS RIDER** (OPTIONAL)

In order to authorize your agent to make gifts in excess of an annual total of $500 for all gifts described in (I) of the grant of authority section of this document (under personal and family maintenance), you must initial the statement below and execute a Statutory Gifts Rider at the same time as this instrument. Initialing the statement below by itself does not authorize your agent to make gifts. The preparation of the Statutory Gifts Rider should be supervised by a lawyer.

(\_\_\_\_) (SGR) I grant my agent authority to make gifts in accordance with the terms and conditions of the Statutory Gifts Rider that supplements this Statutory Power of Attorney.

**(i)    DESIGNATION OF MONITOR(S):** (OPTIONAL)

If you wish to appoint monitor(s), initial and fill in the section below:

(\_\_\_\_) I wish to designate _____, whose address(es) is (are) _____, as monitor(s). Upon the request of the monitor(s), my agent(s) must provide the monitor(s) with a copy of the power of attorney and a record of all transactions done or made on my behalf. Third parties holding records of such transactions shall provide the records to the monitor(s) upon request.

**(j)    COMPENSATION OF AGENT(S):** (OPTIONAL)

Your agent is entitled to be reimbursed from your assets for reasonable expenses incurred on your behalf. If you ALSO wish your agent(s) to be compensated from your assets for services rendered on your behalf, initial the statement below. If you wish to define "reasonable compensation", you may do so above, under "Modifications".

Page 3 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER                    WH_MDL_00217744

(_____) My agent(s) shall be entitled to reasonable compensation for services rendered.

**(k)   ACCEPTANCE BY THIRD PARTIES:**

I agree to indemnify the third party for any claims that may arise against the third party because of reliance on this Power of Attorney. I understand that any termination of this Power of Attorney, whether the result of my revocation of the Power of Attorney or otherwise, is not effective as to a third party until the third party has actual notice or knowledge of the termination.

**(l)   TERMINATION:**

This Power of Attorney continues until I revoke it or it is terminated by my death or other event described in section 5-1511 of the General Obligations Law.

Section 5-1511 of the General Obligations Law describes the manner in which you may revoke your Power of Attorney, and the events which terminate the Power of Attorney.

**(m)   SIGNATURE AND ACKNOWLEDGMENT:**

In Witness Whereof I have hereunto signed my name on the ____ day of _____, _____

PRINCIPAL signs here: ====>   LION ADVISORY INC. PENSION PLAN

By:_____
   LUKE MCGEE, TRUSTEE

STATE OF                        )
                               )   ss:
COUNTY OF                       )

On the ____ day of _____, _____, before me, the undersigned, personally appeared Luke McGee, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

**(n)   IMPORTANT INFORMATION FOR THE AGENT:**

When you accept the authority granted under this Power of Attorney, a special legal relationship is created between you and the principal. This relationship imposes on you legal responsibilities that continue until you resign or the Power of Attorney is terminated or revoked. You must:
   (1) act according to any instructions from the principal, or, where there are no instructions, in the
      principal's best interest;
   (2) avoid conflicts that would impair your ability to act in the principal's best interest;
   (3) keep the principal's property separate and distinct from any assets you own or control, unless
      otherwise permitted by law;
   (4) keep a record or all receipts, payments, and transactions conducted for the principal; and
   (5) disclose your identity as an agent whenever you act for the principal by writing or printing the
      principal's name and signing your own name as "agent" in either of the following manners:

Page 4 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

(Principal's Name) by (Your Signature) as Agent, or (your signature) as Agent for (Principal's Name).

You may not use the principal's assets to benefit yourself or anyone else or make gifts to yourself or anyone else unless the principal has specifically granted you that authority in this document, which is either a Statutory Gifts Rider attached to a Statutory Short Form Power of Attorney or a Non-Statutory Power of Attorney. If you have that authority, you must act according to any instructions of the principal or, where there are no such instructions, in the principal's best interest. You may resign by giving written notice to the principal and to any co-agent, successor agent, monitor if one has been named in this document, or the principal's guardian if one has been appointed. If there is anything about this document or your responsibilities that you do not understand, you should seek legal advice.

Liability of agent: The meaning of the authority given to you is defined in New York's General Obligations Law, Article 5, Title 15. If it is found that you have violated the law or acted outside the authority granted to you in the Power of Attorney, you may be liable under the law for your violation.

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00217746